## DEERE & CO. v. YOUNG ET AL.

**Equity**: CONSIDERATION: CONVEYANCE. Where land was conveyed to a grantee, and by him to a second who afterwards deeded it without warranty to a third grantee, and the original conveyance was subsequently set aside, the decree providing for a repayment of the consideration for the first sale and making it a lien upon the land: *Held*, that the grantee without warranty had a paramount equity, and would prevail over the creditor of the first grantee.

### *Appeal from Decatur Circuit Court.*

### THURSDAY, OCTOBER 22.

PROCEEDINGS upon a garnishment. The controversy is between the plaintiffs, who are judgment creditors of Young and Sales, and who garnished Polson as the supposed debtor of Young, on the one hand, and the intervenor, Sigler, on the other. The question arose upon demurrer, and the court held with the intervenor. The material facts are concisely stated in the opinion. The plaintiffs appeal.

*Warner & Bullock* and *Tannehill & Fee*, for appellants.

*John W. Harvey*, for appellees.

COLE, J.—On February 13, 1869, Polson conveyed certain land to Young and Harvey. In 1870, Harvey conveyed his interest in the land to Young. Afterwards, and on December 14, 1870, Young conveyed to Geo. Benton. December 20, 1871, Benton conveyed to Sigler, but without warranty. In August, 1870, Polson brought suit to set aside the conveyance by him to Young and Harvey, because of fraud, etc. In September, 1872, the conveyance was set aside, and a judgment was rendered against Polson for $847, the amount of the consideration paid to him by Young and Harvey, and this was made a specific lien on the land. In February, 1872, Deere & Co. obtained judgment against Young and Sales for $620, and in October, 1872, garnished Polson as the debtor of Young, and seek to subject the judgment for the purchase

money in his favor against Polson, to the payment of their judgment against him. Sigler intervened and claims that he has a better right to it.

If the conveyance by Polson to Young and Harvey had not been set aside, Sigler would have held the land, and Deere & Co. could have had no claim upon it. The land was but the representative of the consideration paid. When the land was taken, Sigler's right to that which it represented was very natural, clear and direct. It was, upon plain equity principles, paramount to plaintiff's claim, which was subsequent in time, and foreign in matter to it.

